IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GENE CAMARATA,

                Plaintiff,

     v.

PORTLAND COMMUNITY COLLEGE,
a public college organized under the laws
of the state of Oregon; MARK MITSUI;
LISA AVERY; HEATHER LANG;
GARRETT CIMINO; PCC OFFICER
JEFF FISHBACK; and JOHN DOES 1–5; all
the defendants in their individual and
official PCC capacities,

                Defendants.

No. 3:19-cv-00738-HZ

OPINION & ORDER

Gene Camarata
715 NW Hoyt Street
Portland, OR 97208

       Pro Se Plaintiff

Cody J. Elliott
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204

Attorney for Defendants

HERNÁNDEZ, District Judge:

Plaintiff Gene Camarata brings this civil rights and tort action against Defendants Portland Community College, Mark Mitsui, Lisa Avery, Heather Lang, Garrett Cimino, PCC Officer Jeff Fishback, and John Does 1–5. Defendants now move to dismiss Plaintiff's complaint, arguing Plaintiff's claims are untimely and lack sufficient factual detail to plausibly state his claims for relief. The Court grants Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiff enrolled in a computer class at Portland Community College ("PCC") in the fall of 2016. Compl. ¶ 5.[1] After attending the first class on November 9, 2016, Defendant Lang, the Dean of Students at PCC's Sylvania Campus; Defendant Cimino, Student Conduct & Retention Coordinator for PCC's Sylvania Campus; and campus safety officers, including Defendant Fishback, allegedly "commenced a campaign to improperly harass, torment, expel, ban, suspend and criminally trespass [Plaintiff], and to even prohibit him from speaking to others." Compl. ¶ 6. Because of this behavior, Plaintiff did not attend the second day of class, complete the rest of the classes, or apply for future classes. Compl. ¶ 6.

A disciplinary hearing was held on December 2, 2016. Compl. ¶ 8. Plaintiff alleges that there was no record made of that hearing and that he was not allowed to be represented by legal

---

[1] Plaintiff's complaint can be found at pages 5 through 9 in Defendants' Notice of Removal, ECF 1.

counsel, present witnesses, or cross examine witnesses. Compl. ¶ 7. Testimony was not taken under oath or affirmation, and he was not provided information about who his accusers were. Compl. ¶ 7. Plaintiff further alleges that he had inadequate notice of the disciplinary hearing and was unable to prepare and respond to the matters at issue. Compl. ¶ 8. PCC allegedly did not provide any supporting evidence. Compl. ¶ 8.

On January 9, 2017, Defendant Lang sent an email suspending Plaintiff for one year, but Plaintiff alleges that in doing so he was "banned for all intents and purposes, permanently." Compl. ¶ 9. Plaintiff's appeal of this decision was denied by Defendant Avery, the campus president of PCC Sylvania, on February 10, 2017. Compl. ¶ 10.

Plaintiff filed his complaint in Multnomah County Circuit Court on February 11, 2019. Compl. Plaintiff alleges that PCC policies, procedures, and practices—such as those applied to Plaintiff—are unconstitutional and provide inadequate due process. Compl. ¶ 7. Plaintiff alleges that Defendants are jointly and severally liable for all claims, action, inactions, and decisions either as supervisors or as participants. Compl. ¶ 12. Plaintiff appears to bring claims for violations of his constitutional rights—including his rights under the First, Fifth, and Fourteenth Amendments—under 42 U.S.C. § 1983. Compl. ¶¶ 13–14. He also brings claims for discrimination, retaliation, and negligence. Compl. ¶ 13. Plaintiff alleges that Defendant PCC received notice of his tort claims on August 9, 2017. Compl. ¶ 4.

Plaintiff alleges injury stemming from his dismissal, including the "stigma of applying and attending other higher education institutions;" humiliation; damage to his reputation; anguish; "injury to his employment and business relation"; loss of freedom, energy, wages, and money; and the "ability to protest, attend public meetings, [and] use of libraries." Compl. ¶ 14. Plaintiff seeks economic and non-economic damages up to $500,000. Compl. ¶¶ 15–16. Plaintiff

also seeks equitable relief, including a declaration that Defendants violated Plaintiff's rights, reinstatement as a student at PCC, and an injunction prohibiting further unlawful acts. Compl. ¶ 16.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations") (internal quotation marks, citation, and alterations omitted). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir.1980)). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim …." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." (internal quotations and citations omitted)). However, "a complaint cannot be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo*, 68 F.3d at 1207 (declining to dismiss a complaint where the equitable tolling doctrine was applicable). Where claims are barred by the statute of limitations, the trial court may dismiss the plaintiff's claims without leave to amend because the amendment would be futile. *Platt Elec. Supply Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

**DISCUSSION**

Defendants move to dismiss this action on the grounds that: (1) Plaintiff's claims are time-barred under the applicable statutes of limitations and (2) Plaintiff has failed to allege sufficient factual detail to state plausible claims for relief. As to both arguments, this Court agrees.

## I.        Statute of Limitations

Plaintiff appears to bring the following claims for relief: (1) claims for violations of his constitutional rights under 42 U.S.C. § 1983; (2) a state tort claim for negligence; and (3) claims for retaliation and discrimination. All of Plaintiff's claims are time-barred.

First, Plaintiff's claims under 42 U.S.C. § 1983 are untimely under Or. Rev. Stat. § ("ORS") 12.110(1). The Court applies the forum state's personal injury statute of limitations to claims under § 1983, *Owens v. Okure*, 488 U.S. 235, 240–41 (1989), and federal law determines the accrual date of § 1983 claims, *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). "In Oregon, the two-year statute of limitations for personal injury actions, ORS 12.110(1)[,] applies to civil rights actions under 42 U.S.C. § 1983." *Smith v. Phalen*, No. CIV 07-2892-CL, 2008 WL 842377, at *1 (D. Or. Mar. 28, 2008); *see also Davis v. Harvey*, 789 F.2d 1332, 1333 (9th Cir. 1986) (noting that the two-year statute of limitations found in ORS 12.110(1) applies). The statute of limitations begins to run under § 1983 when a cause of action accrues, which is "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal citations and quotations omitted) (finding that a claim for wrongful arrest accrued at the time of the arrest because the "petitioner could have filed suit as soon as the allegedly wrongful arrest occurred,

subjecting him to the harm of involuntary detention"). In analogous contexts, the Supreme Court and Ninth Circuit have indicated that a claim accrues "when the operative decision is made, not when the decision is carried out." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (finding that the plaintiff's claim accrued at the time the City decided to commence an abatement action and provided notice of said action); *see also Delaware State Coll. v. Ricks*, 449 U.S. 250, 258–59 (1980) (finding that the limitations period commenced at the time of the discriminatory act—when the tenure decision was made and the plaintiff was notified—not at termination of employment or when the decision became irrevocable).

For the purposes of this motion, the Court finds that Plaintiff's § 1983 claim accrued on January 9, 2017, when Defendant Lang sent an email suspending Plaintiff. Plaintiff's claims all arise out of: (1) the alleged harassment of Plaintiff by Defendants commencing on November 9, 2016, (2) a disciplinary hearing in December of 2016, and (3) Defendant Lang's email dated January 9, 2017, suspending Plaintiff for one year. Compl. ¶¶ 6–9. And Plaintiff's damages stem from his suspension from PCC. Compl. ¶¶13–14, 16. Because Plaintiff's claims accrued January 9, 2017—when Plaintiff received notice of his suspension and sustained his injury—and Plaintiff filed this case more than two years later, on February 11, 2019, Plaintiff's § 1983 claims are untimely.

Second, Plaintiff is barred from bringing his state law claim for negligence. Compl. ¶ 13 (alleging Defendants were "negligent in failing to reasonably train and supervise"). These claims are also governed by the two-year statute of limitations in ORS 12.110(1). *Doughton v. Morrow*, 255 Or. App. 422, 428, 298 P.3d 578 (2013) ("Under ORS 12.110(1), a negligence claim must be commenced within two years of the date on which the cause of action accrues."). Under Oregon law, a claim accrues when the plaintiff has "knowledge of the facts giving rise to the

claim." *Gaston v. Parsons*, 318 Or. 247, 275, 864 P.2d 1319, 1335 (1994). ORS 12.110(1) also

contains an implicit "discovery rule." *See, e.g. Berry v. Branner,* 245 Or. 307, 309, 421 P.2d 996

(1966), *superseded by statute as stated in Lesch v. DeWitt*, 118 Or. App. 397 (1993). "That rule

provides that the statute of limitations begins to run when the plaintiff knew or in the exercise of

reasonable care should have known facts that would make a reasonable person aware of a

substantial possibility that each of the three following elements exists: harm, causation, and

tortious conduct." *Doughton*, 255 Or. App. at 428–29 (2013) (citing *Gaston*, 318 Or. at 256).

Based on these principles and the facts alleged, the Court finds that Plaintiff's state tort

claim accrued on January 9, 2017, the date of the email suspending Plaintiff. On that day,

Plaintiff had knowledge of his injury, the cause of the injury, the tortious conduct, and the

identity of the tortfeasors. Again, Plaintiff filed his complaint on February 11, 2019, over two

years after his suspension and outside the limitations period in ORS 12.110(1).

Third, Plaintiff's retaliation and discrimination claims—whether brought under state or

federal law—are untimely. Titles VI and IX—which prohibit race discrimination in programs

and activities receiving federal financial assistance and sex discrimination in education programs

or activities that receive financial assistance—are governed by the same limitations period that

applies to claims under § 1983. *See Taylor v. Regents of Univ. of Calif.*, 993 F.2d 710, 712 (9th

Cir. 1993) ("[C]laims brought under 42 U.S.C. § 2000d are governed by the same state

limitations period applicable to claims brought under § 1983."); *Stanley v. Trustees of California

State Univ.*, 433 F.3d 1129, 1134–36 (9th Cir. 2006) (finding that Title IX is a civil rights action

and thus borrows the state statute of limitations for personal injury, like actions brought under

§ 1983). A one-year statute of limitations applies to ORS 659A.403, which prohibits

discrimination in places of public accommodation. ORS 659A.875(4) ("A civil action under

ORS 659A.885 alleging an unlawful practice in violation of ORS 659A.403 . . . must be commenced within one year of the occurrence of the unlawful practice."). And claims under ORS 659.850—prohibiting discrimination in education—must be filed within one year of filing a grievance with the community college board of education. ORS 659.860(2)–(3). As there is no allegation such a grievance was filed with PCC and this action was filed over two years after Plaintiff's suspension, Plaintiff's claims for discrimination and retaliation are untimely. As all of Plaintiff's claims were filed outside of the applicable limitations period, this case should be dismissed.

## II.     Failure to State a Claim

Defendants also move to dismiss Plaintiff's Complaint by arguing that Plaintiff has failed to allege facts to state a claim for relief. The Court agrees. Plaintiff's factual allegations vague and generally lack specificity. For example, with the exception of Defendant Lang, Plaintiff has failed to allege that most of the individual Defendants had any personal involvement in the alleged constitutional deprivations as required by § 1983. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation[.]"). Defendant Lang is alleged to have brought up anonymous allegations "from her secret files" at a disciplinary hearing, presumably in violation of Plaintiff's due process rights, and to have ultimately suspended Plaintiff. Compl. ¶¶ 8–9. But there are few allegations as to the other Defendants. He alleges only that Defendant Mistui was a supervisor at PCC, Compl. ¶ 12, but "there is no respondeat superior liability under § 1983," *Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013). Plaintiff alleges that Defendant Avery denied his appeal, Compl. ¶ 10, and Defendants Cimino and Fishback "commenced a campaign to improperly harass,

torment, expel, ban, suspend and criminally trespass" Plaintiff, Compl. ¶ 6. However, Plaintiff

fails to include any additional detail regarding this alleged "campaign" or how the appeal

violated his rights. Thus, without more, it is not apparent how Defendants Mitsui, Avery,

Cimino, and Fishback were involved in the alleged constitutional violations under § 1983.

Similarly, Plaintiff fails to allege facts in support of his claim for negligence, which

generally requires a showing that Defendants owed Plaintiff a duty, that the duty was breached,

and that the breach caused Plaintiff's injury. *See Chesterman v. Barmon*, 82 Or. App. 1, 4, 727

P.2d 130 (1986), *aff'd and remanded*, 305 Or. 439, 753 P.2d 404 (1988) ("Generally, to state a

cause of action in negligence, a plaintiff must allege that the defendant owed a duty, that the

defendant breached that duty, and that the breach was the cause in fact of some legally

cognizable damage to the plaintiff."). Plaintiff appears to assert that Defendants were negligent

in failing to reasonably train and supervise their employees. Compl. ¶ 13. But there are no factual

allegations to support this otherwise conclusory claim. Similarly, Plaintiff fails to allege any

facts to support his discrimination and retaliation claims. The Court cannot discern the basis for

his claims—i.e. his protected characteristic—or how a discriminatory or retaliatory intent

motivated Defendants' actions. Accordingly, Plaintiff has failed to allege sufficient factual detail

to plausibly state his claims for relief.

## III.    Leave to Amend

Generally, "the court should freely give leave [to amend] when justice so requires." Fed.

R. Civ. P. 15(a)(2). This is particularly true with regard to *pro se* plaintiffs: "Leave to amend

should be granted unless the pleading could not possibly be cured by the allegation of other facts,

and should be granted more liberally to *pro se* plaintiffs." *McQuillion v. Schwarzenegger*, 369

F.3d 1091, 1099 (9th Cir. 2004) (citations and quotation marks omitted); *cf. Carrico v. City and*

*Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile"). Allegations of *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, it appears that all of Plaintiff's claims are barred by the relevant statute of limitations. However, given the lack of specific factual allegations in the Complaint and Plaintiff's failure to respond to Defendants' motion to dismiss, Plaintiff should be given an opportunity to amend his complaint to cure the deficiencies identified above to state timely and plausible claims for relief. In doing so, Plaintiff must also clarify the statutory basis for his retaliation and discrimination claims.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

The Court GRANTS Defendants' Motion to Dismiss [9]. Plaintiff's Complaint [1] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing the deficiencies identified above, within 30 days of this Opinion & Order. Failure to file an amended complaint will result in dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED.

Dated this _____26_____ day of September, 2019.

_Marco Hernández_
MARCO A. HERNÁNDEZ
United States District Judge