IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GENE CAMARATA,                                              No. 3:19-cv-00738-HZ

              Plaintiff,                              OPINION & ORDER

     v.

PORTLAND COMMUNITY COLLEGE,
a public college organized under the laws
of the state of Oregon; MARK MITSUI;
LISA AVERY; HEATHER LANG;
GARRETT CIMINO; PCC OFFICER
JEFF FISHBACK; and JOHN DOES 1-5; all
the defendants in their individual and
official PCC capacities,

              Defendants.

Gene Camarata
715 NW Hoyt Street
Portland, OR 97208

       Pro Se Plaintiff

Cody J. Elliott
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204

      Attorney for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Gene Camarata brings this civil rights and tort action against Defendants

Portland Community College, Mark Mitsui, Lisa Avery, Heather Lang, Garrett Cimino, PCC

Officer Jeff Fishback, and John Does 1–5.  This matter comes before the Court on Defendants'

Motion to Dismiss Plaintiff's Amended Complaint.  The Court grants in part Defendants' Motion

to Dismiss.

## BACKGROUND

      The facts that led Plaintiff to bring this claim are explained in the Court's September 26,

2019, Opinion & Order on Defendants' Motion to Dismiss Plaintiff's Complaint ("O&O"), ECF

14, and are not reproduced here.  The Court granted Defendants' motion to dismiss Plaintiff's

Complaint without prejudice.  O&O at 12.  The Court dismissed Plaintiff's Complaint because

his claims are barred by the statute of limitations, and the factual allegations did not state a

plausible claim for relief.  *Id*. at 6.  The Court granted Plaintiff leave to amend to cure those

deficiencies and to state the statutory basis for his retaliation and discrimination claims.  *Id*. at

12.  Plaintiff filed an Amended Complaint in response to the Court's order.  Am. Compl., ECF

15.

      Plaintiff's Amended Complaint alleges state law negligence claims, First, Fifth, and

Fourteenth Amendment violations under 42 U.S.C. § 1983, and claims of unlawful retaliation.

Am. Compl. ¶ 21.  It also adds a new claim for breach of contract and no longer alleges an

unlawful discrimination claim.[1]  *Id*.  Plaintiff seeks an award of compensatory damages, punitive damages, and equitable relief.  *Id*. at ¶ 24.  Most of the allegations that Plaintiff added to his Amended Complaint that were not present in his initial Complaint are legal argument and conclusions.  Am. Compl. ¶¶ 12–14, 17–18.  The new facts follow.

Plaintiff alleges that on November 15, 2016, he emailed Defendants Lang, Cimino, and Mitsui to tell them that Portland Community College's ("PCC") student conduct policy was unconstitutional because it violated students' due process rights.  *Id*. at ¶ 15.  He also alleges that he included a copy of that email with his appeal of his suspension, which he sent to Defendants Avery, Lang, Cimino, and Mitsui on January 30, 2017.  *Id*. at ¶ 16.  Plaintiff alleges that Defendant Avery's February 10, 2017, affirmance of his suspension further violated his due process rights.  *Id*.  He appears to allege that because his November 15, 2016, email put Defendants Avery, Lang, Cimino, and Mitsui on notice that they violated his due process rights when PCC suspended him, each Defendant violated his due process rights again when Defendant Avery affirmed his suspension.  *Id*. ("By affirming Camarata's suspension . . . and not allowing Camarata any proper due process hearing, Avery – and by extension Lang, Cimino[,] and Mitsui – violated Camarata's due process rights[.]").

Defendants again move to dismiss.  Def. Mot. Dismiss, ECF 16.  Alternatively, Defendants move to substitute PCC as the sole defendant in Plaintiff's tort claims under Or. Rev. Stat. § ("O.R.S.") 30.265(3).  Plaintiff did not respond to Defendants' motion to dismiss.

---

[1] The Court notes that Plaintiff has abandoned his discrimination claim by failing to plead it in his Amended Complaint. *King v. Attiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.") (*citing London v. Cooper & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)).

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the Court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id*. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id*. at 679.

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing a chance to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**DISCUSSION**

Defendants move to dismiss Plaintiff's Amended Complaint because he failed to cure the deficiencies in his original Complaint. The Court agrees.

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.") (internal quotations and citations omitted). However, "a complaint cannot be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo*, 68 F.3d at 1207 (declining to dismiss a complaint where the equitable tolling doctrine applied). When claims are barred by the statute of limitations, a court may dismiss the plaintiff's claims without leave to amend because amendment would be futile. *Platt Elec. Supply, Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

I.      **Section 1983 and Tort Claims**

Plaintiff's Amended Complaint alleges that his cause of action accrued on February 10, 2017, the date that Defendant Avery denied Plaintiff's appeal of his suspension. Am. Compl. ¶ 17. Because he filed suit two years later on February 10, 2019, his Amended Complaint alleges, his claims are not barred by the two-year statute of limitations. Alternatively, Plaintiff alleges

that the statute of limitations was tolled between January 9, 2017, and February 10, 2017, because the doctrines of exhaustion of administrative remedies and equitable tolling apply. *Id.* at ¶ 18. Plaintiff's Amended Complaint also offers another argument in the alternative that Defendant Avery's February 10, 2017, denial of the appeal of his suspension "was a separate act of wrongdoing." *Id.* at ¶ 11.

### A. Accrual Date

None of the authority offered by Plaintiff in his Amended Complaint changes the Court's conclusion that Plaintiff's section 1983 and negligence claims accrued on or before January 9, 2017, when PCC suspended him. The factual allegations in Plaintiff's Amended Complaint describe incidents that began or occurred on one of four dates. First, Plaintiff alleges that on November 9, 2016, Defendants began a "campaign to improperly harass, torment, expel, ban, suspend, and criminally trespass" him. *Id.* at ¶ 6. Second, he alleges that on December 2, 2016, PCC held a disciplinary conference and gave him insufficient notice and opportunity to be heard at that conference. *Id.* at ¶ 8. Next, he alleges that on January 9, 2017, Defendant suspended him for one year. *Id.* at ¶ 9. Finally, he alleges that on February 10, 2017, PCC denied his appeal of his suspension. *Id.* at ¶ 11.

Plaintiff's section 1983 and tort claims allege that PCC violated the Fourteenth Amendment's due process clause when it suspended him on January 9, 2017, and when it denied his appeal of his suspension without a hearing on February 10, 2017. *Id.* at ¶¶ 5, 7–9, 11–14. Federal courts apply the forum state's statute of limitations for personal injury actions to section 1983 claims. *Owens v. Okure*, 488 U.S. 235, 240–41 (1989). Under Oregon law, personal injury tort claims have a two-year statute of limitations. O.R.S. 12.110(1). As a result, section 1983 claims brought in Oregon have a two-year statute of limitations. *Sanok v. Grimes*, 306 Or. 259,

263, 760 P.2d 228 (1988).  Federal law, on the other hand, determines when a section 1983 claim

accrues.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  As the Court explained in its previous

Opinion & Order, a section 1983 claim accrues when "the plaintiff has a complete and present

cause of action, that is, when the plaintiff can file suit and obtain relief."  *Id*. (internal quotation

marks and citations omitted).

Plaintiff alleges that PCC "suspended [him] for the duration of one year, but banned

[him] for all intents and purposes permanently" on January 9, 2017.  Am. Compl. ¶ 9.  Plaintiff

had a "complete and present cause of action" under section 1983 on January 9, 2017, because

that is the date that both the alleged conduct causing his injury and causation of his damages

occurred.  *Id*.  As a result, Plaintiff's failure to file suit within two years of his January 9, 2017,

suspension bars his section 1983 claim.

As for Plaintiff's tort claims, under Oregon law, a negligence cause of action accrues

"when all of the facts exist that the plaintiff must prove in order to recover on the claim."

*Murphy v. Allstate Ins. Co.*, 251 Or. App. 316, 321 (2012).  Plaintiff knew or should have known

that Defendants' tortious conduct had caused him harm on January 9, 2017.  *Flug v. Univ. of Or.*,

170 Or. App. 660, 675, 13 P.3d 544 (2000), *aff'd*, 335 Or. 540 (2003) (the plaintiff's claim

accrued when they had "sufficient information to raise an issue of fact on each element of [their]

claim").  Because negligence claims in Oregon have a two-year statute of limitations, O.R.S.

12.110(1), Plaintiff's negligence claim is barred by the statute of limitations because he brought

the claim after two years had elapsed.  *Doughton v. Morrow*, 255 Or. App. 422, 428, 298 P.3d

578 (2013) (a plaintiff must bring a negligence claim within two years of accrual).

Plaintiff's second argument—contained in the allegations of his Amended Complaint—is

equally unavailing.  Plaintiff alleges that even if his claims accrued before February 10, 2017, the

denial of his appeal on that date was an independent injury that gave rise to a new cause of

action.  Plaintiff is mistaken.  He suffered no new injury as a result of the denial of his appeal.

Because the harm he alleges to have suffered had occurred when PCC suspended him on January

9, 2017, and simply continued after PCC denied his appeal in February 2017, no new "harm"

occurred in February 2017 that could sustain an independent cause of action.

Finally, Plaintiff alleges an unlawful retaliation claim. The unlawful retaliation claim in

his Amended Complaint suffers from the same deficiencies as the unlawful retaliation claim he

alleged in his original complaint.  Plaintiff again failed to specify the legal basis for his unlawful

retaliation claim in his Amended Complaint.  The Court is thus unable to determine whether

Plaintiff's retaliation claim is timely.  The Court grants Plaintiff leave to amend his unlawful

retaliation claim to state the facts and legal basis for that claim.

The Court dismisses Plaintiff's tort and section 1983 claims because they are barred by

the statute of limitations, so the Court need not address Defendants' arguments about the factual

sufficiency of the allegations stating those claims or the applicability of qualified immunity to

Plaintiff's section 1983 claims. Plaintiff's tort and section 1983 claims are dismissed with

prejudice. Plaintiff's unlawful retaliation claim is dismissed without prejudice.

**B.  Exhaustion of Administrative Remedies**

Generally, "exhaustion is not a prerequisite to an action under § 1983." *Patsy v. Bd. of

Regents*, 457 U.S. 496, 501 (1982); s*ee also Steffel v. Thompson*, 415 U.S. 452, 472–73 (1974)

("When federal claims are premised on [section 1983] . . . we have not required exhaustion of

state judicial or administrative remedies[.]"). Thus, Plaintiff's contention that he was "required to

exhaust his administrative remedies by filing and pursuing the internal appeal" before he could

bring his Section 1983 claims is unfounded. Am. Compl. ¶ 7.

Similarly, Plaintiff was not required to exhaust any administrative remedies before pursuing his tort claims against Defendants. Plaintiff cited some authority in his Amended Complaint about the applicability of the doctrine of exhaustion in other contexts, but he cited no authority to support his contention that he was required to exhaust administrative remedies in order to pursue his tort claims against Defendants, and the Court has identified none.  Am. Compl. ¶ 19 (citing cases related to exhaustion of administrative remedies before challenging a tax assessment).

## C.  Equitable Tolling

The Court borrows the State's equitable tolling rules to determine the statute of limitations for a section 1983 action. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 486–87 (1980) (no federal policy offended by applying State tolling rules to determine the timeliness of a § 1983 action).  A plaintiff can avoid the bar of a statute of limitations "if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *D.H.M. v. Or. Youth Auth.*, No. 06143-KI, 2008 WL 1766727, at *5 (D. Or. Apr. 8, 2008) (citing *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001)). O.R.S. 30.275 contains no equitable tolling provision, and Plaintiff provided no authority to suggest that equitable tolling applies to his section 1983 claims under Oregon law. *See Alexander v. Dorn*, No. 3:11-cv-00102-ST, 2011 WL 4975258, at *3 (D. Or. Jul. 18, 2011), *adopted by* 2011 WL 5023838 (D. Or. Oct. 19, 2011).  Plaintiff has alleged no circumstances that prevented him from filing a complaint within the limitations period.[2]  As a result, even if

---

[2] Plaintiff asserted in his Amended Complaint that a three-prong test from *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993), establishes whether equitable tolling applies to his claims. Plaintiff is mistaken. The court in *Cervantes* applied California's equitable tolling test, which does not apply here.

equitable tolling were available to toll the statute of limitations for his section 1983 claims,

Plaintiff has not alleged any facts to establish that it applies.

### D. Oregon Tort Claims Act

The Oregon Tort Claims Act contains a notice provision that requires a person suing a

public body or its agents to give notice of the claim within 180 days of the occurrence.  O.R.S.

30.275(2). But the notice requirement of O.R.S. 30.275 does not toll the statute of limitations

during the 180-day period. O.R.S. 30.275(9) ("an action arising from any act or omission of a

public body or an officer, employee or agent of a public body within the scope of ORS

30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."). If a

claimant fails to give the required notice, then their claim is barred. O.R.S. 30.275(2). There

were no other administrative requirements that Plaintiff had to meet to before he could sue

Defendants.

Plaintiff first gave written notice of his claim on August 9, 2017, more than 180 days

following his January 9, 2017, suspension.  Am. Compl. ¶ 4.  Thus, his tort claims against PCC

and its officers are barred by the 180-day notice provision of the Oregon Tort Claims Act.  *Orr v.*

*City of Eugene*, 151 Or. App. 541, 543 (1997) ("The requirement that notice be given timely is a

substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not

satisfied, deprives a plaintiff of the right to make a claim.") (quotation marks omitted).

## II.    Breach of Contract

Plaintiff appears to assert a breach of contract claim in his amended complaint.  Am.

Compl. ¶ 21.  However, he alleged no facts that establish the existence, performance, or breach

of any contract between Plaintiff and Defendants that could state a plausible claim for relief.

Thus, Plaintiff has not sufficiently stated a cause of action for breach of contract.  The Court

grants Plaintiff leave to amend this claim to allege sufficient facts to state a plausible claim for

breach of contract.

## CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Amended Complaint [16] is GRANTED IN

PART.  Plaintiff's section 1983 claim and tort claims against all Defendants are dismissed with

prejudice.  Plaintiff's unlawful retaliation and breach of contract claims are dismissed without

prejudice.  Plaintiff may file a second amended complaint within thirty (30) days of the date of

this order that plausibly alleges his unlawful retaliation and breach of contract claims.

IT IS SO ORDERED.


DATED October 25, 2020            .




MARCO A. HERNÁNDEZ
United States District Judge